**FILED**
**Jan 31, 2020**
**11:01 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Jeffrey Jones,<br>                Employee, | ) Docket No.: 2019-01-0024 |
| v. | ) |
| Columbus McKinnon Corp.,<br>                Employer, | ) State File No.: 3286-2019 |
| And | ) |
| Safety National Casualty Corp.,<br>                Carrier. | ) Judge Thomas Wyatt |
| | ) |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This Expedited Hearing concerned two issues: (1) whether Jeffrey Jones gave Columbus McKinnon Corp. (CMC) satisfactory notice of an alleged May 10, 2018 work injury; and (2) if the claim is not barred by lack of notice, whether Mr. Jones's current symptoms arise from a 2014 amputation or a new work-related injury. For the reasons below, the Court holds that Mr. Jones did not establish entitlement to the requested benefits.

### History

In 2014, Mr. Jones suffered partial amputation injuries to his right index and long fingers while working at CMC. He underwent surgery and eventually returned to work. Later he settled his claim with open medical benefits under hand surgeon Dr. Mark Brzezienski's care.

On May 10, 2018, Mr. Jones experienced right upper-extremity pain while handling parts at CMC. He testified that, although he had experienced residual pain in his amputated fingers and his palm since his return to work, the pain he felt on May 10

1

was something "he never felt before." Mr. Jones described the pain as radiating from his hand down his arm into his elbow.[1]

Mr. Jones testified that he reported his pain to CMC supervisor Kevin Schlageter. He initially stated that he told Mr. Schlageter "what happened," but conceded on cross-examination that he did not explain how he got hurt. Mr. Schlageter took Mr. Jones to Stephen Byer, who handles CMC's workers' compensation claims. Mr. Byer then obtained an appointment for Mr. Jones to see Dr. Brzezienski under his 2014 claim. Mr. Byer testified that neither Mr. Jones nor Mr. Schlageter told him that Mr. Jones was claiming a new work injury.

On May 18, Mr. Jones saw a provider at UT Family Practice for his pain. He saw Dr. Brzezienski approximately three weeks later. Neither provider noted that Mr. Jones reported suffering an injury on May 10. Dr. Brzezienski diagnosed carpal tunnel and Guyon's canal syndromes and recommended surgery. CMC approved the surgeries as treatments associated with Mr. Jones's amputation injury. Mr. Jones declined to undergo the procedures "on the advice of counsel."

Mr. Jones filed a Petition for Benefit Determination seeking a panel from which to select a physician to treat his May 2018 injury.[2] He did not submit medical evidence in support of this claim. CMC argued that Mr. Jones's claim is barred for lack of notice, but also submitted Dr. Brzezienski's deposition testimony in defense of its position that Mr. Jones's complaints stem from his 2014 injury.

On the issue of causation, Dr. Brzezienski testified that Mr. Jones experienced normal post-operative pain in his right hand and amputated fingers. His January 2015 note indicated that Mr. Jones reported significant "dysethesias" (altered sensation) in his right hand. He placed Mr. Jones at maximum medical improvement in March 2015.

Mr. Jones did not see Dr. Brzezienski again until February 2017, when Mr. Jones reported that, for the past several months, he had experienced intermittent pain in the right forearm and pain and tingling in his right hand. Dr. Brzezienski's notes did not include a reported new injury, and he testified that he related the described symptoms to the amputation injury.

Mr. Jones next saw Dr. Brzezienski on June 12, 2018, approximately four weeks after the asserted May 10 injury. He reported "funny feelings in his hand [and] significant dysesthesias[.]" Dr. Brzezienski described Mr. Jones's symptoms as "carpal

---

[1] The affidavit Mr. Jones signed in support of his Request for Expedited Hearing did not mention elbow pain.
[2] Mr. Jones also sought temporary disability benefits in his PBD. That issue is not before the Court because the Dispute Certification Notice did not certify it for adjudication.

2

tunnel syndrome symptoms." He did not note that Mr. Jones related his symptoms to a new work injury.

Dr. Brzezienski testified that the symptoms Mr. Jones reported on June 12 differed from those reported in 2017 because the tingling was more severe and Mr. Jones did not previously report forearm and hand pain. However, Dr. Brzezienski causally related these "carpal tunnel syndrome symptoms" to Mr. Jones's amputation, stating:

> When you have an amputation of the bones of your fingers, the tendons actually draw back into your palm. So the pathophysiology of carpal tunnel syndrome is compression of the median nerve in the compartment, in the carpal tunnel. If your tendon draws back and bunches up in the carpal tunnel, they create a volume situation which is frequently seen in amputation patients.

On cross-examination, Dr. Brzezienski testified that Mr. Jones's repetitive work with his right hand "could exacerbate his underlying problem." However, he further explained that "it was no surprise to me that he came back with median nerve compression" because he had reported similar symptoms post-surgery. When asked to assume that Mr. Jones's May 10 symptoms were precipitated by repetitive work activity, Dr. Brzezienski responded that he could not separate amputation-related symptoms from those caused by repetitive work. However, he did not change his causation opinion.[3]

### Findings of Fact and Conclusions of Law

*General Legal Principles*

Mr. Jones must come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). When causation is at issue, he must show that his alleged injuries arose primarily out of and in the course and scope of employment. This includes showing "to a reasonable degree of medical certainty that [the work incident] contributed more than fifty percent (50%) in causing . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that a physician must give a causation opinion using a "more likely than not" standard, as opposed to speculation or possibility. Injuries that aggravate pre-existing conditions are compensable if the aggravation arose primarily out of and in the course and scope of employment. *See* Tenn. Code Ann. § 50-6-102(14).

---

[3] Dr. Brzezienski also testified that Mr. Jones might have developed deQuervain's tendonitis in his post-amputation hand but stated that this condition had resolved. He additionally concluded that Mr. Jones did not have cubital tunnel syndrome, even though the nerve conduction study showed positive findings.

*Notice*

The Workers' Compensation Law mandates that "[e]very injured employee . . . shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury." Tenn. Code Ann. § 50-6-201. Mr. Jones claimed that he gave CMC management notice of his new injury right-upper-extremity injury on the date it occurred. CMC countered that Mr. Jones only reported that he was experiencing pain; he did not report a new injury. Thus, CMC said it justifiably scheduled an appointment with the physician authorized to treat his amputations. For these reasons, CMC asserted that Mr. Jones's claim that he sustained a new injury to his right upper extremity on May 10, 2018, must fail for lack of notice.

In considering this issue, the Court recognizes that Mr. Jones testified on direct examination that he told CMC management how he allegedly hurt his right upper extremity in May 2018. However, he retreated from that testimony on cross-examination. For that reason, the Court gives more weight to Mr. Byer's testimony. He testified that neither Mr. Jones nor Mr. Schlageter told him that Mr. Jones claimed a new work injury. Thus, Mr. Byer scheduled an appointment with Dr. Brzezienski. The Court also notes that neither UT Family Practice nor Dr. Brzezienski recorded that Mr. Jones gave a history of injuring his right arm at work on May 10. In view of the above, the Court holds that Mr. Jones will not likely prevail at trial in establishing that he gave CMC notice of sustaining a new right-upper extremity injury on May 10, 2018.

However, the above holding does not end the notice issue. The notice statute also requires the employer to show prejudice before a lack of notice can form the foundation of a denial of benefits. *See* Tenn. Code Ann. § 50-6-201(a)(3); *Buckner v. Eaton Corp.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 84, at *11-12 (Nov. 9, 2016). Here, CMC failed to establish it will likely prevail at trial in showing prejudice. In support, the Court notes that Mr. Jones informed CMC management that he claimed he could not work due to pain. This notice caused CMC to send Mr. Jones to Dr. Brzezienski, who provided a causation opinion favorable to its position.

*Causation*

The only causation opinion before the Court is Dr. Brzezienski's. While Mr. Jones's cross-examination might have caused him to equivocate slightly, it is still clear that the doctor concluded that Mr. Jones's current symptoms relate to his amputation injury. Even had Mr. Jones negated Dr. Brzezienski's opinion, which he did not, the Court could not rule in Mr. Jones's favor because he did not come forward with a medical opinion that he sustained a new work-related injury.

4

The Court holds that Mr. Jones has not met his burden of establishing that he will likely prevail at trial on causation. Thus, the Court denies Mr. Jones's request for medical benefits at this time. While he might be entitled to medical benefits under the settlement of the 2014 amputation injury, the Court cannot award him those benefits in this claim.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Jones is not entitled to the requested benefits.

2. This case is set for a Status Hearing at **10:30 a.m. Eastern Time on May 1, 2020.** The parties must call (615) 741-3061 or toll-free at (855) 747-1721 to participate. Failure to call in might result in a determination of the issues without your further participation.

**ENTERED January 31, 2020.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

### APPENDIX

Exhibits: The Court admitted the following exhibits into evidence during the Expedited Hearing:

1. Affidavit of Jeffrey Jones
2. Records of UT Family Practice
3. Records of Dr. Mark Brzezienski
4. Transcript of Dr. Brzezienski's deposition
5. Letter to Dr. Brzezienski with his handwritten responses
6. Records of Erlanger Medical Center (operative report)
7. First Report of Injury
8. 2017 Settlement Order[4]
9. Summary Judgment orders
10. Declaration of Brittney Simmons
11. Excerpts from the transcript of the deposition of Jeffrey Jones.

---

[4] Mr. Jones objected to exhibits 3 through 8 on the grounds that his treatment from Dr. Brzezienski was irrelevant to his new injury. The Court overruled the objections.

Technical record: The Court considered the following filings:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing filed July 3, 2019
4. Request for Expedited Hearing filed October 16, 2019
5. Order Scheduling Expedited Hearing
6. Notice of Expedited Hearing
7. Employer Witness List
8. Employer Position Statement
9. Employer Pre-Hearing Statement
10. Employer Notice of Filing
11. Employee Position Statement.

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on January 31, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Kent T. Jones Employee's Attorney | | X | Joneslaw08@gmail.com |
| Robert J. Uhorchuk Employer's Attorney | | X | rju@spicerfirm.com kburke@spicerfirm.com |

**Penny Shrum, Court Clerk**
Wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on _____     ☐ Other Order filed on _____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $_____ per month | beginning | _____ |
| SSI | $_____ per month | beginning | _____ |
| Retirement | $_____ per month | beginning | _____ |
| Disability | $_____ per month | beginning | _____ |
| Unemployment | $_____ per month | beginning | _____ |
| Worker's Comp. | $_____ per month | beginning | _____ |
| Other | $_____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                     RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month     Telephone    $ _____ per month

Electricity    $ _____ per month     School Supplies $ _____ per month

Water    $ _____ per month     Clothing    $ _____ per month

Gas    $ _____ per month     Child Care    $ _____ per month

Transportation $ _____ per month     Child Support $ _____ per month

Car    $ _____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____     (FMV) _____

Other    $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                  RDA 11082